## WICKHAM & PENDLETON *v.* S. & O. GREEN.

1. ASSIGNMENT FOR CREDITORS. *Real and personal property conveyed.*
   An assignment for the benefit of creditors recited that the grantor, being "desirous that all his property be applied to the payment of his debts," and then that he "bargains, sells, aliens, conveys, and assigns" to the assignee "his goods, wares, etc., and assets of every description, it being intended to assign all his property, both real and personal," except legal exemptions, the real estate not being referred to in terms anywhere in the deed except as above. *Held*, that both real and personal property passed by the deed, and the same arrangements *mutatis mutandis* as to the sale of both is made.

2. SAME. *Sale of choses in action.*
   An assignment for the benefit of creditors which provides for the sale of *choses in action* is not fraudulent and void on that account if adequate time is allowed for the collection by ordinary process of law. *Richardson* v. *Stapleton*, 60 Miss. 97, distinguished and approved.

APPEAL from the Circuit Court of Rankin County.

HON. A. G. MAYERS, Judge.

The appellees made an assignment for the benefit of their creditors, preferring some of them. The assignment recited : "Whereas S. & O. Green are indebted to different creditors in large sums, which they are unable to pay in full, and are desirous that all their property, except what they are allowed by law to reserve exempt from legal process shall be applied to the payment of their debts, etc., they do hereby bargain, sell, alien, convey, and assign to the said D. B. McKee (assignee) all of their stock of goods, wares, and merchandise, and all of their books of accounts, accounts, notes, judgments, bills, and assets of every description, it being intended to assign all of their property, both real and personal, except that which they or either of them are allowed by law to reserve exempt from legal processes, which they hereby reserve ; the said property so conveyed to said D. B. McKee to be disposed of, and the proceeds thereof to be applied as hereinafter provided." It then provides that the said McKee shall take possession " of said property," make schedules, etc., and "shall sell and dispose of in due course of trade said goods, wares, and merchandise at discretion, or in lots or at auction, if deemed most advisable by him, for the speedy determination of the duties herein imposed consistent with all creditors' interests, and shall as fast as possible collect all debts owing to said firm," etc. The real estate is nowhere referred to *in terms* except as above set forth. The assignment is dated 24th day of December, 1883, and further provides "that if on the second Monday in August, 1885, any of said rates, accounts, judgments, bills, etc., etc., remain uncollected and undisposed of, said assignee, having given previous notice as aforesaid, shall sell the same at auction, unless it be some of said indebtedness which is at said time in litigation or some judgments upon which execution has been issued and not returned, in which case said assignee may use his discretion, and said assignee shall then make his final statement to said creditors and shall be discharged, except so far as it shall be his duty to collect and pay to said creditors any uncollected debts. If there should be on second Monday of August, 1885, any of said

notes, accounts, etc., in litigation, or judgments on which execution has issued and not returned, and the same are not then sold, said assignee shall, on or before the 1st day of October, 1885, sell the same as aforesaid, pay the proceeds as hereinbefore directed, and be finally discharged." It was insisted by creditors attacking this assignment that it was void on its face : (1) Because the description of the land conveyed was insufficient ; (2) that the deed does not make any provision for the sale and application of the proceeds of the land ; (3) it is void because it divests the sale of *choses in action.*

The court below sustained the assignment.

*Henry & Enochs,* for the appellants.

The court below erred in finding for defendants, because the deed of assignment is null and void on its face. In the first place, the deed makes no provision for the sale of the realty conveyed therein. The grantors conveyed their property, both real and personal, to the assignee "to be disposed of and proceeds applied as hereinafter provided." Then follows direction for the sale of the personal property only with instructions for the application of the proceeds thereof. All allusions to sales in said deed has reference to the sale of personalty and nowhere is any direction given to assignee to sell the realty. The deed provides that all sales shall be for cash, but the reference is only to the sale of goods, wares and merchandise and the personal property. The assignee has no power except that conferred on him by the deed of assignment. Can the assignee sell and convey land without direct authority under the deed of assignment? We think not. In the second place, the time within which the assignee is permitted to sell the *choses* in action is not sufficient for him to collect the debts assigned to him without loss to the creditors. Again, the assignee is forced on the first day of October, 1885, to sell any uncollected judgments, even those on which no executions have been returned. It is not a power to be exercised by the assignee if deemed to the interest of the creditors, but he is absolutely and unconditionally required to sell at auction, for cash, any of said notes, accounts, or bills uncollected on second of August, 1885, and all uncollected judgments

---

on first of October, 1885. The instrument does not disclose the nature or character of the *choses* in action. There may be notes that do not fall due until after the time when they are absolutely required to be sold by assignee.

*McLaurin & McLaurin,* for the appellees.

Three points were taken against said deed in the circuit court: (1) That the description of the land conveyed is not sufficient; (2) that the deed does not make any provision for the application of the proceeds of the land; (3) that the deed is void because it directs the sale of *choses* in action.

We respectfully submit that the description of the property conveyed is sufficient. Burrill on Assignments, third edition, § 134, pp. 164–65, 167; *Robins* v. *Embry,* 1 S. & M. Ch. 207, 208, 273, 274.

As to the second point, it is submitted that the same disposition is to be made of the proceeds of the land as of the proceeds of the personal property. The deed reads: "The said property so conveyed to said McKee to be disposed of, and the proceeds thereof to be applied as hereinafter provided." The punctuation of this sentence shows conclusively that it is the application of the proceeds of all the property conveyed to McKee that is thereinafter provided for. This disposes of the second objection to the deed.

As to the third point, the plaintiffs rely on *Richardson & May* v. *Stapleton & Bro.,* 60 Miss. 97. It is contended by plaintiffs' counsel that the court held any deed void that required the sale of *choses* in action, it matters not how long time is given for collection. This could not have been the meaning of the court, because the court, in delivering opinions, would not use language calculated to mislead those who draw assignments. Such a construction would make the language of the court meaningless. It certainly would be useless for the court to say that the time limited—nine months—was insufficient when any time that could have been named would have rendered the deed void. The court could only mean that if time sufficient to enable the trustee to collect the *choses* in action by suits at law is given there is no infringement of any one's rights, and the deed is valid. In the *Stapleton* assignment only nine months are given and but one circuit court intervening; in

the deed at bar twenty-two months are given and four circuit courts intervene.

*Catchings & Dabney,* on the same side.

In the absence of express directions to the assignee to sell the property assigned, the law implies a right in him to do so. Burrill on Assignments, third ed., 560; Perry on Trusts, third ed., § 598. Of the cases cited in support of this doctrine, we have been able to examine only *Williams* v. *Otey,* 8 Humph. (Tenn.) 563. This seems to be the first case in which this position is sustained, and doubtless the other cases have followed it. They are, *Goodrich* v. *Proctor,* 1 Gray 567; *Purdie* v. *Whitney,* 20 Pick. 25; *Gould* v. *Lamb,* 11 Met. 84. But is it true that the assignment does not provide for the sale of the realty? The first page of the assignment contains the sale to the assignee. Following the language conveying the property, "real and personal," is this language, "The said property so conveyed to said McKee to be disposed of, and the proceeds thereof to be applied as hereinafter provided." There *is* then provision for a *disposition* of the realty. While no mode of "disposition" is prescribed, this is not material for two reasons : First. This would not make the assignment void. The only question which could arise would be as to *how* the sale should be made. Here the assignment is attacked as void on its face. It is not a question as to whether the trustee *rightly sold* the property. Second. In such a case a power of sale is implied from the nature of the assignment and the necessities of the case. Perry on Trusts, third ed., § 766. The sale may be either public or private. Ib., §§ 602 and 780. The real question is, has the grantor a right to say that the assignee shall be discharged within *any limited time?* To this we say, yes, if it is a reasonable time. If he has, it is fair to say that the time here given is reasonable. It has been held that uncollectable claims may be sold. Brump Fraud Cases, second ed. 412. In *Anderson* v. *Lachs,* 59 Miss. 111, this court recognizes the propriety of a provision for selling *choses* in action, under certain circumstances, and in *Richardson & May* v. *Stapleton,* 60 Miss. 97, the court held that nine months was too short a time *in that case* for collection and settlement.

CHALMERS, J., delivered the opinion of the court.

Both parties seem to concede that the deed of assignment would be void on its face if it failed to convey both land and personalty. We therefore only notice the point to say that it does in our opinion so provide. Both real and personal property, we think, passes by the deed and the same arrangement *mutatis mutandis* as to the sale of both is made. It is argued that by our decision in *Richardson* v. *Stapleton,* 60 Miss. 97, we held that every assignment must be void where a sale of *choses* in action by the assignee was made imperative by the deed. We only held that it was necessarily void in that case because the time allowed to collect was wholly inadequate for that purpose. Only nine months was to elapse between the making of the deed and the forced sale of the *choses* in action. We said that the time given was wholly inadequate and that such a deed must be invalid as a matter of law. Here twenty-two months and four terms of the circuit court were to intervene before the time arrived for a forced sale of the *choses* in action by the assignee. It seems to us that the time was adequate, and we cannot say, as a matter of law, that there was any fraud in the deed. It was not shown that any debt assigned would require a longer period than was given, and it would be in only extraordinary cases that a further time would be necessary—certainly in such a case the facts must go to a jury.

*Affirmed.*